## Exhibit 2

**Guaranty executed by National Resilience, Inc.**

## GUARANTY

As a material inducement to Landlord to enter into that certain Lease Agreement dated September 8, 2021, between **RESILIENCE BOSTON, INC.**, a Delaware corporation, as tenant ("**Tenant**"), and **COBALT PROPCO 2020, LLC**, a Delaware limited liability company, as landlord ("**Landlord**"), for certain premises located at 28 Crosby Drive, Bedford, Massachusetts (the "**Lease**"), **NATIONAL RESILIENCE, INC.**, a Delaware corporation ("**Guarantor**"), hereby guarantees the complete payment, within the timeframe set forth below, to Landlord of all rental payments and other amounts payable by Tenant (and any assignee) to Landlord and Landlord's successor's and assigns under the Lease and any extensions or renewals of and amendments to the Lease on the terms and conditions set forth herein (the "**Guaranteed Obligations**"). In the event of any default by Tenant in the payment of the Guaranteed Obligations, Landlord may give written notice to Guarantor in accordance with the provisions of this Guaranty which written notice to Guarantor (the "**Default Notice**") must specifically identify the dollar amount of the Guaranteed Obligations that are the subject of the default (the "**Guaranteed Demand Amount**") and must clearly state Landlord's intention to enforce Guarantor's obligations under this Guaranty to pay the Guaranteed Demand Amount. If the Guaranteed Demand Amount is not paid in full by Tenant by the expiration of any notice and/or grace period afforded Tenant under the Lease and provided that no less than 30 days have passed since the Landlord delivered the aforementioned Default Notice to Guarantor, Landlord may deliver an additional written notice thereof to Guarantor (the "**Demand Notice**"), advising Guarantor that the Guaranteed Demand Amount remains unpaid. If Landlord delivers a Demand Notice to Guarantor pursuant to the foregoing with respect to a Guaranteed Demand Amount, Guarantor shall pay to Landlord the entire unpaid Guaranteed Demand Amount not later than 10 business days following delivery of the Demand Notice to Guarantor. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Lease. This Guaranty is an absolute and continuing guaranty of payment and collection of the Guaranteed Obligations. In the event of a default by Tenant in the payment of the Guaranteed Obligations and notice to Guarantor as set forth above, Guarantor shall be liable, jointly and severally, with Tenant for payment of the Guaranteed Demand Amount.

Until all of the Guaranteed Obligations have been discharged in full, Guarantor shall have no right of subrogation against Tenant. Landlord may, without notice or demand and without affecting Guarantor's liability hereunder, from time to time, compromise, extend, renew or otherwise modify any or all of the terms of the Lease by amendment, novation or otherwise (including a new lease, to the extent a court of competent jurisdiction determines any of the foregoing constitutes a new lease), or fail to perfect, or fail to continue the perfection of, any security interests granted under the Lease. Without limiting the generality of the foregoing, if Tenant elects to increase the size of the leased premises, extend or renew the lease term, or otherwise expand Tenant's rental obligation under the Lease, Tenant's execution of such lease documentation shall constitute Guarantor's consent thereto (and such increased rental obligation under the Lease shall constitute a Guaranteed Obligation hereunder); Guarantor hereby waives any and all rights to consent thereto. Guarantor waives any right to participate in any security now or hereafter held by Landlord. Guarantor hereby waives all presentments, demands for payment and notices of nonpayment (except with respect to Default Notices and Demand Notices as set forth above), protests, notices of protest, dishonor and notices of acceptance of this Guaranty, and waives all notices of existence, creation or incurring of new or additional obligations from Tenant to Landlord. Guarantor further waives all defenses afforded guarantors based on suretyship or impairment of collateral under applicable Laws, other than payment in full of the Guaranteed Obligations. The liability of Guarantor under this Guaranty will not be affected by (a) the release or discharge of Tenant from, or impairment, limitation or modification of, Tenant's obligations under the Lease in any bankruptcy, receivership, or other debtor relief proceeding, whether state or federal and whether voluntary or involuntary; or (b) the rejection or disaffirmance of the Lease in any such proceeding; or (c) the cessation of the liability of Tenant under the Lease via a bankruptcy or insolvency proceeding.

Guarantor shall not, without the prior written consent of Landlord, assign or transfer this Guaranty or any estate or interest herein, whether directly or by operation of law. If Guarantor violates the foregoing restriction or otherwise defaults under this Guaranty, Landlord shall have all available remedies at law and in equity against Guarantor and Tenant. Without limiting the generality of the foregoing, Landlord may declare an immediate Default under the Lease. Any and all remedies set forth in this Guaranty: (A) shall be in addition to any and all other remedies Landlord may have at law or in equity, (B) shall be cumulative, and (C) may be pursued successively or concurrently as Landlord may elect, subject to Landlord's compliance with the notice requirements set forth above. The exercise of any remedy by Landlord shall not be deemed an election of remedies or preclude Landlord from exercising any other remedies in the future.

Guarantor represents and warrants, as a material inducement to Landlord to enter into the Lease, that (a) this Guaranty has been duly executed and delivered and constitutes a legally enforceable obligation of Guarantor; (b) there is no action, suit or proceeding pending or, to Guarantor's knowledge, threatened against or affecting Guarantor, at law or in equity, or before or by any governmental authority, which might result in any materially adverse change in Guarantor's business or financial condition; (c) execution of this Guaranty will not render Guarantor insolvent; (d) Guarantor expects to receive substantial benefits from Tenant's financial success; and (e) this Guaranty may reasonably be expected directly or indirectly to benefit Guarantor.

Guarantor shall pay to Landlord all reasonable out-of-pocket costs incurred by Landlord in enforcing this Guaranty (including, without limitation, reasonable attorneys' fees and expenses). The obligations of Tenant under the Lease to execute and deliver estoppel and financial statements, as therein provided, shall be deemed to also require the Guarantor hereunder to do so and provide the same relative to Guarantor following written request by Landlord, but subject in all events to the terms and conditions of the Lease. All notices and other communications given pursuant to, or in connection with, this Guaranty shall be delivered in the same manner required in the Lease. All notices or other communications addressed to Guarantor shall be delivered at the address set forth below or to such other address as may be designated by Guarantor from time to time by notice given to Landlord in the manner required in the Lease. This Guaranty shall be binding upon the heirs, legal representatives, successors and assigns of Guarantor and shall inure to the benefit of Landlord's successors and assigns.

This Guaranty will be governed by and construed in accordance with the laws of the state in which the Premises (as defined in the Lease) are located. The proper place of venue to enforce this Guaranty will be the county or district in which the Premises are located. In any legal proceeding regarding this Guaranty, including enforcement of any judgments, Landlord (by acceptance of this Guaranty) and Guarantor each irrevocably and unconditionally (a) submits to the jurisdiction of the courts of law in the county or district in which the Premises are located; (b) accepts the venue of such courts and waives and agrees not to plead any objection thereto; and (c) agrees that (1) service of process may be effected in any state of the United States of America in a manner in accordance with the laws of the Commonwealth of Massachusetts (including, in addition to such courts, any United States federal court sitting in the Commonwealth of Massachusetts), and (2) nothing herein will affect the rights of Landlord and Guarantor, respectively, to effect service of process in any other manner permitted by applicable law.

Guarantor acknowledges that it and its counsel have reviewed and revised this Guaranty and that the rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed in the interpretation of this Guaranty or any document executed and delivered by Guarantor in connection with the transactions contemplated by this Guaranty.

The representations set forth herein will continue and survive the termination of the Lease or this Guaranty. The masculine and neuter genders each include the masculine, feminine and neuter genders.

3

This instrument may not be changed, modified, discharged or terminated orally or in any manner other than by an agreement in writing signed by Guarantor and Landlord.

TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAWS, GUARANTOR AND LANDLORD (BY ACCEPTANCE OF THIS GUARANTY) EACH KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVES THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON THIS GUARANTY, ARISING OUT OF, UNDER, OR IN CONNECTION WITH THE LEASE, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENT (WHETHER VERBAL OR WRITTEN), OR ACTION BETWEEN LANDLORD AND GUARANTOR OR ANY EXERCISE BY LANDLORD OR GUARANTOR OF ANY OF THEIR RESPECTIVE RIGHTS UNDER THIS GUARANTY OR IN ANY WAY RELATING TO THE PREMISES.  THIS WAIVER IS A MATERIAL INDUCEMENT FOR LANDLORD AND TENANT TO ENTER INTO THE LEASE. THIS WAIVER SURVIVES THE EXPIRATION OR TERMINATION OF THE LEASE AND THIS GUARANTY.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

Executed as of the Effective Date of the Lease.

**NATIONAL RESILIENCE, INC.**, a Delaware corporation

By: *[signature]*
Name: Ori Solomon
Title: General Counsel

Guarantor's Address:

_____
_____